# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BLACK MOUNTAIN EQUITIES, INC., *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> PLAYERS NETWORK, INC., <br><br> Defendant. | Case No. 18-cv-1745-BAS-KSC <br><br> **ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT** <br><br> **[ECF No. 35]** |

Presently before the Court is Plaintiffs Black Mountain Equities, Inc. and Gemini Opportunities Fund, LP's Motion for Leave to File First Amended Complaint. ("Mot.," ECF No. 35.) No opposition to the Motion has been filed.[1] The Court finds this Motion suitable for determination on the papers and without oral argument. Civ. L. R. 7.1(d)(1). For the reasons stated below, the Court **GRANTS** the Motion.

## I. BACKGROUND

Plaintiffs filed a Complaint against Defendant Players Network, Inc. for declaratory relief. Due to Defendant's repeated failure to respond to the Complaint,

---

[1] Civil Local Rule 7.1.f.3.c. provides "[i]f an opposing party fails to file [an opposition] in the manner required by Civil Local Rule 7.1.e.2, that failure may constitute a consent to the granting of a motion or other request for ruling by the court." An opposition must be filed 14 days prior to the noticed hearing. Civ. L. R. 7.1.e.2. The present Motion was noticed for September 16, 2019, thus any opposition was due on September 2, 2019.

Plaintiffs twice requested default judgment. (ECF Nos. 9, 17.) The Court denied both motions, preferring to proceed on the merits. Defendant filed an answer, the parties attended an early neutral evaluation conference, and Magistrate Judge Crawford issued a scheduling order for this case. Plaintiffs then filed the present Motion seeking leave to file a first amended complaint.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 15(a), a plaintiff may amend his complaint once as a matter of course within specified time limits. Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

While courts exercise broad discretion in deciding whether to allow amendment, they have generally adopted a liberal policy. *See United States ex rel. Ehmcke Sheet Metal Works v. Wausau Ins. Cos.*, 755 F. Supp. 906, 908 (E.D. Cal. 1991) (citing *Jordan v. Cnty. of Los Angeles*, 669 F.2d 1311, 1324 (9th Cir.), *rev'd on other grounds*, 459 U.S. 810 (1982) ). Accordingly, leave is generally granted unless the court harbors concerns "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962). The non-moving party bears the burden of showing why leave to amend should not be granted. *Genentech, Inc. v. Abbott Labs.*, 127 F.R.D. 529, 530–31 (N.D. Cal. 1989).

## III. ANALYSIS

The proposed amended complaint adds a new cause of action for breach of contract. Plaintiffs allege the claim partially arises from a transaction Defendant entered into with a third party after Plaintiffs filed their original complaint. (Mot. at 2.) In analyzing the above factors, Plaintiffs first point to the lack of delay or bad

faith in this Motion, as it was filed on the deadline for motions for leave to amend and partially stems from events that could not have been referenced in the original Complaint. (*See* ECF No. 33, ¶ 2.) Further, this is the first amended complaint filed in this case, so Plaintiffs have not had prior chances to cure any deficiencies in the original Complaint. Because Defendant has not responded to the Motion, it has not pointed to any prejudice it would suffer if the Court permits the amendment. And Plaintiffs point out that there are still five months until the end of fact discovery, so Defendant will not be prejudiced in its ability to conduct discovery on the new claim. (Mot. at 3.) The Court also finds the amendment would not be futile, especially considering that Defendant has failed to respond and argue futility.

**IV. CONCLUSION**

For the foregoing reasons, the Court **GRANTS** Plaintiffs' Motion. (ECF No. 35.) Plaintiffs **SHALL** file the amended complaint attached to their Motion <u>on or before September 12, 2019.</u>

**IT IS SO ORDERED.**

**DATED: September 6, 2019**

Hon. Cynthia Bashant
United States District Judge