BARNEY C. ALES, LTD.
Barney C. Ales, Esq.
Nevada Bar No. 127
(admitted *pro hac vice*)
Mailing Address:
PO Box 20563
Las Vegas, NV 89112
222 Guidance Ridge Court
Henderson, NV  89012
(702) 998-9576
attorneyales@gmail.com

THE CABRERA FIRM, A.P.C.
Guillermo Cabrera, Esq.
California Bar No. 190303
600 West Broadway, Suite 700
San Diego, CA 92101
Telephone: 619-500-4880
Email: gil@cabrerafirm.com

*Attorneys for Defendant/Counterclaimant*
*Players Network*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BLACK MOUNTAIN EQUITIES, INC. and GEMINI SPECIAL OPPORTUNITIES FUND, LP;<br><br>Plaintiffs,<br><br>vs.<br><br>PLAYERS NETWORK, INC.<br><br>Defendant. | Case No.:  18-CV-1745 (BAS) (AHG)<br><br>**ANSWER TO SECOND AMENDED COMPLAINT FOR DECLARATORY RELIEF AND BREACH OF CONTRACT AND COUNTERCLAIM**<br><br>(Request for Jury Demand) |

|   |   |
|---|---|
| PLAYERS NETWORK, a Nevada corporation; | |
| Counterclaimant, | |
| vs. | |
| BLACK MOUNTAIN EQUITIES, INC. and GEMINI SPECIAL OPPORTUNITIES FUND, LP; | |
| Counterdefendants. | |

Players Network, by and through its attorneys, Barney C. Ales, Esq., of BARNEY C. ALES, LTD., and Guillermo Cabrera, Esq., of THE CABRERA FRIM, A.P.C., and files this Answer to Second Amended Complaint for Declaratory Relief and Breach of Contract and Counterclaim as follows:

1. This answering defendant denies each and every allegation contained in the Second Amended Complaint for Declaratory Relief and Breach of Contract ("Amended Complaint") on file herein that is hereinafter not expressly admitted or otherwise pled to.

2. In answering paragraphs 1, 8, 9, 10, 11, 12, 17, 42, 44, 66, 67 and 76 contained in the Amended Complaint, this answering defendant is without sufficient information to form a belief as to the accuracy of the allegations contained therein and on that basis, deny each and every allegation set forth in said paragraphs.

3. In answering paragraphs 2 and 13 contained in the Amended Complaint, this answering defendant admits that Players Network is a publicly traded entity with a ticker symbol of "PNTV" and it is a Nevada corporations, with their principal place of business located at 1771 E. Flamingo Blvd., Suite 201, Las Vegas, Nevada, 89119, and that it can be served with process through it registered agent Michael S. Pratter; as to the remainder of the allegations set forth in said paragraphs, this answering defendant submits the remaining allegations contained therein are vague and ambiguous, and thus, this answering defendant is unable to form a belief as to the accuracy of the remaining allegations contained therein and on that basis, denies each and every remaining allegation set forth in said paragraphs.

4. In answering paragraph 3 contained in the Amended Complaint, this answering defendant admits that it entered into nearly identical transactions with plaintiffs; and, this answering defendant submits that the relationship between the plaintiffs was not disclosed at the time the transactions were negotiated, however, this answering defendant later discovered the plaintiffs had a close relationship, and the plaintiffs acted in collusion with each other in bad faith regarding the transactions.

5. In answering paragraphs 4, 5, 6, 7, 18, 19, 20, 21, 22, 23, 30, 33, 34, 38, 39 and 41 contained in the Amended Complaint, this answering defendant submits that said paragraphs reference written documents and plaintiffs attempt to

improperly paraphrase or interpret those documents; and thus, this answering defendant is unable to form a belief as to the accuracy of the allegations contained therein, and on that basis, deny each and every allegation set forth in said paragraphs.

6. In answering paragraphs 7, 24, 25, 26, 28, 31, 32, 36, 37, 40, 43, 46, 47, 49, 50, 58, 60, 64, 65, 69, 70, 71, 73, 74 and 75 contained in the Amended Complaint, this answering defendant denies each and every allegation set forth in said paragraphs.

7. In answering paragraphs 14 and 15 contained in the Amended Complaint, this answering defendant acknowledges that this Court has jurisdiction over the parties as well as this dispute and that venue is proper.

8. In answering paragraphs 16, 52, 53, 54, 55, 56, 57, 59, 61 and 63 contained in the Amended Complaint, this answering defendant submits that said paragraphs do not contain facts, but contain statements of law to which no response is required. However, to the extent a response is required, this answering defendant is unable to form a belief as to the accuracy of the allegations contained therein, and on that basis, deny each and every allegation set forth in said paragraphs.

9. In answering paragraphs 27, 29, and 62 contained in the contained in the Amended Complaint, this answering defendant admits the allegations contained in said paragraphs.

10. In answering paragraph 45 contained in the Amended Complaint, this answering defendant states that this answering defendant informed plaintiffs that their transactions were illegal and unenforceable.

11. In answering paragraph 48 contained in the Amended Complaint, this answering defendant acknowledges that plaintiffs issued notices to exercise three cashless warrants; however, this answering defendant denies the remainder of the allegations set forth in said paragraph.

12. In answering paragraph 72 contained in the Amended Complaint, this answering defendant acknowledges that it did not honor the notices submitted because it was not obligated to do so.

13. In answering paragraph 51 and 68 contained in the Amended Complaint, this answering defendant repeats and re-alleges their answer to each and every allegation set forth therein as though fully set forth herein.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

This answering defendant is informed and believes, and based on that information and belief alleges that the Amended Complaint on file herein fails to state any claim and/or cause of action upon which relief can be granted against this answering defendant.

### SECOND AFFIRMATIVE DEFENSE

This answering defendant is informed and believes, and based on that

information and belief alleges that each and every one of plaintiffs' alleged rights, claims and obligations which it seeks to enforce against this answering defendant are, by plaintiffs' conduct, agreement or otherwise are barred, by the doctrine of estoppel.

### THIRD AFFIRMATIVE DEFENSE

This answering defendant is informed and believes, and based on that information and belief alleges that each and all of plaintiffs' alleged rights, claims and obligations as set forth in the Amended Complaint on file herein has, or have, by conduct, agreement or otherwise been waived.

### FOURTH AFFIRMATIVE DEFENSE

This answering defendant is informed and believes, and based on that information and belief alleges that if plaintiffs sustained any injuries, economic or otherwise, said injuries were caused by their own failure to mitigate their damages, if any, and/or take corrective action. Accordingly, any and all recovery is barred or should be limited to the extent or degree of plaintiffs' failure to mitigate their damages, if any.

### FIFTH AFFIRMATIVE DEFENSE

At no time material herein did this answering defendant breach any contractual duty, or any duty or obligation allegedly owed to plaintiffs. In the event that it is determined that this answering defendant owed any contractual duty, or other duty or obligation, to plaintiffs, this answering defendant is informed

and believes, and based on that information and belief alleges that the performance was excused by the conduct of plaintiffs.

### SIXTH AFFIRMATIVE DEFENSE

This answering defendant is informed and believes, and based on that information and belief alleges that all or part of the claim and/or cause of actions contained in the Amended Complaint on file herein are barred by the fraud or negligent misrepresentations perpetrated by plaintiffs on this answering defendant.

### SEVENTH AFFIRMATIVE DEFENSE

This answering defendant is informed and believes, and based on that information and belief alleges that all or part of the claims and/or causes of action contained in the Amended Complaint on filed herein are barred by the doctrine of illegality of contract.

### EIGHTH AFFIRMATIVE DEFENSE

This answering defendant is informed and believes, and based on that information and belief alleges that plaintiffs' claim and/or cause of actions is barred by the doctrine of unclean hands and their failure to do equity.

### NINTH AFFIRMATIVE DEFENSE

This answering defendant is informed and believes, and based on that information and belief alleges that plaintiffs have acted in bad faith and breached the implied covenant of good faith and fair dealing which caused and continues to cause damages to this answering defendant, which damages constitutes offsets to

the amounts claimed in plaintiffs' Amended Complaint on file herein.

## RESERVATION OF RIGHTS

Pursuant to F.R.C.P. 11, all possible affirmative defenses may not have been alleged because sufficient facts are not yet available to allege them after reasonable inquiry upon the filing of this Answer. This answering defendant does not waive their right to assert additional affirmative defenses, if warranted, as additional facts become known during the course of discovery. Accordingly, this answering defendant reserves their rights to later raise any defenses set forth in the Federal Rules of Civil Procedure and elsewhere.

WHEREFORE, Defendant, Players Network, demand judgment as follows:

1. That the Plaintiffs' Second Amended Complaint on file herein be dismissed with prejudice and that plaintiffs take nothing thereby;

2. That this answering defendant be awarded their attorney's fees and costs in the defense of this action; and,

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

3. For such other and further relief as this Court may deem just and proper.

DATED this 6th day of November, 2019.

BARNEY C. ALES, LTD.

By: /s/ *Barney C. Ales*
Barney C. Ales, Esq.
Nevada State Bar Number 127
(admitted *pro hac vice*)
Mailing Address: PO Box 20563
Las Vegas, Nevada 89112
Phone: (702) 998-9576
Email: attorneyales@gmail.com

THE CABRERA FIRM, A.P.C.

Guillermo Cabrera, Esq.
California Bar No. 190303
600 West Broadway, Suite 700
San Diego, CA 92101
Telephone: 619-500-4880
Email: gil@cabrerafirm.com

*Attorneys for Defendant*
*Players Network*

# COUNTERCLAIM

Counterclaimant, Players Network, by and through its attorneys, Barney C. Ales, Esq., of BARNEY C. ALES, LTD., and Guillermo Cabrera, Esq., of THE CABRERA FRIM, A.P.C., and files this Counterclaim as follows:

## JURISDICTION, VENUE and PARTIES

1. This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).

2. As a direct and proximate result of the actions of the Counterdefendants herein, as more fully set forth below, Plaintiff has been damaged in an amount in excess of $75,000.00, the exact amount of which will be subject to proof at the time of trial.

3. Additionally, this Court has jurisdiction pursuant to 28 U.S.C. § 2201, as an actual controversy exists between the parties as to the rights, duties and obligations more fully set forth herein, as well as Article I Section 8 of the United States Constitution concerning interstate commerce.

4. Venue is proper in this court pursuant to 28 U.S.C. § 1391(a) and (b).

5. Counterclaimant, Players Network ("Players Network"), now is, and at all relevant times was, a Nevada corporation, organized and existing under the laws of the State of Nevada, and authorized to transact business in the County of Clark, State of Nevada as well as throughout the United States.

6. Players Network is informed and believes that Counterdefendant, Black Mountain Equities, Inc. is a California corporation with its principal place of

business in California ("Black Mountain").

7. Players Network is informed and believes that Counterdefendant, Gemini Special Opportunities Fund, LP is a Delaware limited partnership with its principal place of business in California; and, its managing partner is Gemini Strategies, Inc., a California corporation with its principal place of business in California; and, is the successor in interest to Gemini Master Fund Ltd (collectively "Gemini").

**GENERAL ALLEGATIONS**

8. For over twenty (20) years Players Network is, and has been, a public company under the Securities and Exchange Act of 1933 ("Securities Act") as amended, listed over the counter and carried on a national exchange that trades daily and reports the price of the shares daily, and it has over 8,000 shareholders.

9. Players Network entered into series of contracts with Black Mountain and Gemini, which called for the law of Nevada to apply; namely, Security Purchase Agreements dated May 8, 2017 and September 14, 2017 as well as Promissory Notes dated May 8, 2017 and dated September 14, 2017.

10. Players Network issues Warrants in connection with said Security Agreements, which also call for the law of Nevada to apply.

11. Players Network is informed and believes, and based on that information and belief, alleges that pursuant to the law in the State of Nevada

every contract entered into contains an implied covenant of good faith and fair dealing.

12. Players Network is informed and believes, and based on that information and belief, alleges that said Security Agreements, Promissory Notes and Warrants, contains an implied in law a term imposing an obligation of good faith and fair dealing. Said term obligated Black Mountain and Gemini to refrain from taking any action which would otherwise interfere with the lawful and legal rights of Players Network. Further, said term required that Black Mountain and Gemini to refrain from carrying out any acts that would cause hardship or harm to Players Network.

13. Sometime in or about September, 2017 Adam Baker on behalf of Black Mountain and Gemini made statements to Mark Bradley, the President of Players Network, to convinced Players Network to change the initial conventional promissory notes to convertible notes by stating that Black Mountain and Gemini are going to give Players Network a lot more money. And Mr. Barker also stated when Black Mountain and Gemini exercised the Warrants they are going to buy millions of shares of stock in Players Network that would generate significant sums of money for Players Network. However, Players Network contends that Plaintiffs never intended to provide any further money to Players Network when it exercised the Warrants.

14. Players Network is informed and believes, and based on that information and belief, alleges that Nevada Revised Statutes at Chapter 30 provides that any person interested in a written contract or other writings is entitled to seek a declaratory judgment regarding such written contracts or other writings as well as have the question of the construction and validity of such written contracts or other writings determined.

15. Players Network is informed and believes, and based on that information and belief, alleges that 28 U.S.C. Chapter 151 also authorizes a Federal Court to issue a declaratory judgment regarding the rights and legal relations of any interested party, which is similar to Nevada law.

16. Players Network is informed and believes, and based on that information and belief, alleges that Black Mountain and Gemini engaged in negligent misrepresentations regarding the above described transactions.

17. Players Network is informed and believes, and based on that information and belief, alleges that Black Mountain and Gemini that the above described transactions violated Nevada Revised Statutes Chapter 604A because Black Mountain and Gemini are not, and were, not licensed by the Division of Financial Institutions in Nevada during the time of said transactions.

**FIRST CAUSE OF ACTION**

18. Players Network repeats and realleges each and every above and foregoing allegations as though fully set forth in this paragraph.

19. A substantial controversy and dispute now exists between Players Network and Counterdefendants as to the rights and obligations of those parties concerning the above mentioned allegations.

20. Therefore under Nevada law and Federal law, Players Network is entitled to have this Court enter a declaratory judgment setting forth the respective rights, duties and obligations of the parties hereto concerning said allegations, including determining that Counterdefendants have damaged Players Network by their wrongful conduct.

**PRAYER FOR RELIEF**

WHEREFORE, Players Network respectfully requests that this Court grant the following relief

1. For declaratory judgment setting forth the respective rights, duties and obligations of the parties as well as that Counterdefendants, Black Mountain and Gemini are liable for their wrongful conduct and Players Network is entitled to recover damages from them as a result;

2. For reasonable attorney's fees and expenses;

3. For costs of suit; and,

/ / /

/ / /

/ / /

4. For such other and further relief as the Court may deem just and proper.

DATED this 6th day of November, 2019.

        BARNEY C. ALES, LTD.

        By: /s/ *Barney C. Ales*
        Barney C. Ales, Esq.
        Nevada State Bar Number 127
        (admitted *pro hac vice*)
        Mailing Address: PO Box 20563
        Las Vegas, Nevada 89112
        Phone: (702) 998-9576
        Email: attorneyales@gmail.com

        THE CABRERA FIRM, A.P.C.

        Guillermo Cabrera, Esq.
        California Bar No. 190303
        600 West Broadway, Suite 700
        San Diego, CA 92101
        Telephone: 619-500-4880
        Email: gil@cabrerafirm.com

        *Attorneys for Counterclaimant*
        *Players Network*

**CERTIFICATE OF SERVICE**

I hereby certify that, on the 6th day of November, 2019 and pursuant to F.R.C.P. 5(b), the foregoing Answer to Second Amended Complaint for Declaratory Relief and Breach of Contract and Counterclaim was served via the Court's CM/ECF system to the following:

Mazin A. Sbaiti
Email: mas@sbaitilaw.com

/s/ *Barney C. Ales*