# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BLACK MOUNTAIN EQUITIES, INC., *et al.*,<br><br>                    Plaintiffs,<br><br>   v.<br><br>PLAYERS NETWORK, INC.,<br><br>                    Defendant. | Case No. 18-cv-1745-BAS-KSC<br><br>**ORDER GRANTING PLAINTIFFS' MOTION TO DISMISS**<br><br>**[ECF No. 58]** |

       This case began in July 2018 when Plaintiffs Black Mountain Equities, Inc. and Gemini Special Opportunities Fund, LP filed a Complaint against Defendant Players Network, Inc. After much back and forth, in October 2019, Plaintiffs filed the operative complaint, the second amended complaint. (ECF No. 48.) Defendant filed an answer which included affirmative defenses and a counterclaim. ("Answer & CC," ECF No. 54.) Plaintiffs move to dismiss the fifth through ninth affirmative defenses and the counterclaim. ("Mot., ECF No. 58.)

## I. Failure to File an Opposition

       Plaintiffs' Motion was noticed for December 30, 2019; thus, any opposition would have been due on December 16, 2020. On that day, Defendant's attorneys Mr. Ales and Mr. Cabrera instead filed a motion to withdraw as counsel and a motion

for extension of time to file responses to Plaintiffs' pending Motion to Dismiss and to motion to compel. (ECF No. 63.) Mr. Ales and Mr. Cabrera claimed that Defendant had refused to cooperate with them. (*Id.* at 2.) Neither counsel was willing to continue representing Defendant. (*Id.* at 3.) Counsel asked to withdraw and requested the Court grant an extension for Defendant, unrepresented, to file responses to the two pending motions. (*Id.*)

The Court denied without prejudice the motion to withdraw because corporations may appear in federal courts only through licensed counsel. (ECF No. 64, at 2 (citing cases).) The Court noted that if Defendant "is unable to retain new counsel in anticipation of counsel's withdrawal within the next thirty days, Mr. Ales and Mr. Cabrera may file a renewed motion" to withdraw on or before January 21, 2020. The Court also granted an extension of time to February 3, 2020 for Defendant to respond to Plaintiffs' two pending motions.

Since this order, nothing has been filed by Defendant or its counsel. Civil Local Rule 7.1.f.3.c. provides "[i]f an opposing party fails to file [an opposition] in the manner required by Civil Local Rule 7.1.e.2, that failure may constitute a consent to the granting of a motion or other request for ruling by the court." Thus, Defendant has failed to oppose the Motion to Dismiss, and on this ground alone, the Court could grant Plaintiffs' Motion.

**II. Analysis**

The Court evaluated the contested affirmative defenses, counterclaim, and Plaintiffs' arguments. The fifth affirmative defense broadly asserts that any performance by Defendant was excused by the conduct of Plaintiffs. The next three defenses assert that the complaint is barred for various reasons: fraud or negligent misrepresentations (sixth defense); the doctrine of illegality of contract (seventh defense); and the doctrine of unclean hands and "failure to do equity" (eighth defense). The ninth affirmative defense asserts that Plaintiffs have acted in bad faith. The counterclaim requests a declaratory judgment setting forth "the respective rights,

duties and obligations of the parties . . . including determining that [Plaintiffs] have damaged Players Network by their wrongful conduct." (Answer & CC ¶ 20.)

Turning first to the sixth defense (asserting fraud), claims sounding in fraud or mistake must comply with the heightened pleading requirements of Federal Rule of Civil Procedure 9(b), which requires that, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Rule 9(b) "requires . . . an account of the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007) (quotation omitted). "To comply with Rule 9(b), allegations of fraud must be specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001) (quotation omitted).

The Court agrees with Plaintiffs that Defendant failed to set forth sufficient allegations regarding fraud. In fact, there are no supporting allegations behind the general claim of fraud; thus, Plaintiffs have been given no notice as to what they have done that is allegedly fraudulent. The Court also agrees that Defendant provided insufficient information regarding its broad claims of Plaintiffs' illegality, wrongdoing, unclean hands, and bad faith. Defendant provided no factual support for these affirmative defenses. Therefore, the Court **DISMISSES** affirmative defenses five through nine for failure to state a claim.

As to the counterclaim, the Court also agrees with Plaintiffs that Defendant's request for declaratory judgment is vague. Defendant claims it is "entitled to have this Court enter a declaratory judgment setting forth the respective rights, duties and obligations of the parties hereto concerning said allegations, including determining that [Plaintiffs] have damaged Players Network by their wrongful conduct."

1 (Answer & CC ¶ 20.) It is unclear exactly what "wrongful conduct" Defendant references, and, as noted above, Defendant's broad allegations of fraud, illegality, and wrongdoing do not state a claim. The same result applies here—without more factual allegations, it is unclear exactly what Defendant is seeking.

**III. Conclusion**

For the foregoing reasons, the Court **GRANTS** Plaintiffs' Motion to Dismiss. (ECF No. 58.) Defendant **MAY** file an amended answer (with or without counterclaims) <u>on or before March 18, 2020</u>. If Defendant fails to file an amended answer by this date, the five affirmative defenses and the counterclaim will be stricken with prejudice and Defendant will proceed using its answer as is with the certain the material stricken.

**IT IS SO ORDERED.**

**DATED: February 18, 2020**

Hon. Cynthia Bashant
United States District Judge