1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BLACK MOUNTAIN EQUITIES, INC., et al.,<br><br>                                    Plaintiffs,<br><br>v.<br><br>PLAYERS NETWORK, INC.,<br><br>                                    Defendant. | Case No.:  3:18-cv-1745-BAS-AHG<br><br>**ORDER:**<br><br>**(1) GRANTING IN PART PLAINTIFFS' MOTION TO COMPEL, and**<br><br>**(2) GRANTING IN PART PLAINTIFFS' MOTION FOR SANCTIONS**<br><br>**[ECF No. 59]** |

Before the Court is Plaintiffs Black Mountain Equities, Inc. and Gemini Special Opportunities Fund, LP's (collectively, "Plaintiffs") Motion to Compel. ECF No. 59. Plaintiffs seek an order from the Court compelling Defendant Players Network, Inc. ("Defendant") to provide responses to various interrogatories and requests for production. ECF No. 59-11 at 2. Plaintiffs also seek an order from the Court refunding their attorney fees and issuing sanctions under Federal Rule of Civil Procedure 37, as well as converting Defendant's denials of various requests for admission into deemed admissions under Federal Rule of Civil Procedure 33(a)(6). *Id*. For the reasons set forth below, the Court **GRANTS IN PART** Plaintiff's motion to compel and **GRANTS IN PART** Plaintiff's motion for sanctions.

## I.   BACKGROUND

On October 23, 2019, pursuant to the Court's Chambers Rules, the parties jointly emailed the Court to request a telephonic conference regarding multiple ongoing discovery disputes. *See* Chmb.R. at 2. On October 30, 2019 and November 15, 2019, the Court held telephonic discovery conferences in an effort to resolve the disputes. ECF Nos. 49, 55. The Court found it appropriate to issue a briefing schedule, ordering that Plaintiffs file their motion to compel by December 2, 2019 and that Defendant file its opposition by December 16, 2019. ECF No. 56. Plaintiffs filed the instant motion to compel (ECF No. 59) in accordance with the Court's deadline.

On the date Defendant's opposition was due, Defendant's attorneys Mr. Ales and Mr. Cabrera filed a motion to withdraw as counsel and a motion for extension of time to file responses to Plaintiffs' pending Motion to Dismiss (ECF No. 58) and Motion to Compel (ECF No. 59). ECF No. 63. Mr. Ales and Mr. Cabrera stated that Defendant had refused to cooperate with them. *Id*. at 2. Neither counsel was willing to continue representing Defendant. *Id*. at 3. Counsel asked to withdraw and requested the Court grant an extension for Defendant, unrepresented, to file responses to the two pending motions. *Id*. The Court denied without prejudice the motion to withdraw because corporations may appear in federal courts only through licensed counsel. ECF No. 64 at 2 (collecting cases).

The Court noted that if Defendant "is unable to retain new counsel in anticipation of counsel's withdrawal within the next thirty days, Mr. Ales and Mr. Cabrera may file a renewed motion" to withdraw after January 21, 2020. *Id*. The Court also granted an extension of time to February 3, 2020 for Defendant to respond to Plaintiffs' Motion to Dismiss (ECF No. 58) and the instant Motion to Compel (ECF No. 59). ECF No. 64 at 3. Since that order, nothing has been filed by Defendant or its counsel.

As such, the Court granted Plaintiffs' motion to dismiss Defendant's counterclaim and various affirmative defenses, partly due to Defendant's failure to oppose that motion. ECF No. 66. This order follows.

## II. DISCOVERY REQUESTS AT ISSUE

The specific discovery requests at issue in the instant motion are Plaintiffs' Interrogatories Nos. 1–8 and 13, Plaintiff's Requests for Production of Documents ("RFP") Nos. 1–7 and 13, Plaintiff's Requests for Admission ("RFA") Nos. 2–5 and 13. ECF No. 59-11 at 21, 23. Plaintiffs propounded these discovery requests on June 12, 2019. *Id*. at 4. After requesting an extension from Plaintiffs, Defendant served its initial responses on July 22, 2019. ECF Nos. 59-2, 59-3, 59-4. However, as to its requests for production, Defendant did not produce a single document. *See* Email to Chambers (Oct. 23, 2019). The Court held a telephonic discovery conference on the issues raised in the present motion on October 30, 2019. ECF No. 49. There, the Court required Defendant to serve its responses, including a thumb drive with documents, to Plaintiffs by November 12, 2019. On November 14, 2019, Defendant emailed Plaintiffs its supplemental interrogatory and RFP responses, and notified Plaintiffs that the thumb drive would arrive the next day. *See* Email to Chambers (Nov. 14, 2019); ECF Nos. 59-8, 59-9. The Court held another telephonic discovery conference on November 15, 2019 to confirm whether the supplemental responses had been received. ECF No. 55. Plaintiffs contended that they still had not received the thumb drive, so the Court ordered that "[s]hould the thumb drive not arrive by Monday, November 18, 2019, Defendant shall coordinate with Plaintiffs to transfer the thumb drive's contents into Dropbox[.]" ECF No. 56 at 1. Plaintiff received the thumb

drive on November 18, 2019, and alleges that its documents are not responsive to the RFPs at issue. ECF No. 59-11 at 5.

### III.  DEFENDANT'S FAILURE TO OPPOSE PLAINTIFFS' MOTION TO COMPEL

Pursuant to this Court's briefing schedule, Defendant's opposition was due on or before December 16, 2019. ECF N0. 56. The Court then provided Defendant another opportunity to oppose Plaintiffs' motions, extending the deadline until February 3, 2020. ECF No. 64 at 3. To date, Defendant has not filed an opposition or notice of non-opposition, as required by this district's local rules. CivLR 7.1(f)(3)(a). Civil Local Rule 7.1 provides "[i]f an opposing party fails to file [an opposition] in the manner required by Civil Local Rule 7.1.e.2, that failure may constitute a consent to the granting of a motion or other request for ruling by the court." CivLR 7.1(f)(3)(c). Since Defendant has failed to oppose Plaintiffs' motion to compel, on this ground alone, the Court could grant the motion. *See Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) (affirming dismissal for failing to oppose a motion to dismiss, based on a local rule providing that "[t]he failure of the opposing party to file a memorandum of points and authorities in opposition to any motion shall constitute consent to the granting of the motion"); *Heston v. GB Capital Holdings, LLC*, No. 16cv912-WQH-RBB, 2016 WL 4468254, at *2 n.1 (S.D. Cal. Aug. 23, 2016) (noting that a "court may properly grant an unopposed motion pursuant to a local rule where the local rule permits, but does not require, the granting of a motion for failure to respond"); *see, e.g.*, *Chambers v. Janssen Pharms., Inc.*, No. 16cv762-JAH-BLM, 2018 WL 2193356, at *3 (S.D. Cal. May 14, 2018) (granting defendant's motion to compel responses to interrogatories and RFPs because, "by failing to oppose Defendant's motion to compel, Plaintiff has consented to the granting of the motion"); *Macias v. Lange*, 14cv2763-GPC-JMA, 2016 WL 1399229, *1–*2 (S.D. Cal. Apr. 7, 2016) (granting plaintiffs' motion to compel responses to interrogatories and RFPs because defendant failed to file an opposition); *Matlink, Inc. v. Home Depot U.S.A., Inc.*, No. 07cv1994-DMS-BLM, 2008 WL 11338380, at *2 (S.D. Cal. Aug. 21, 2008) (granting defendant's motion to compel

responses to RFPs because plaintiff failed to file an opposition "and thereby consented to the granting of the same").

## IV.   MERITS OF PLAINTIFFS' MOTION GIVEN THE COURT'S DISMISSAL OF DEFENDANT'S COUNTERCLAIM AND CERTAIN AFFIRMATIVE DEFENSES

District courts have broad discretion to manage discovery. *Laub v. United States DOI*, 342 F.3d 1080, 1093 (9th Cir. 2003); *see U.S. Fidelity and Guar. Co. v. Lee Investments L.L.C.*, 641 F.3d 1126, 1136 (9th Cir. 2011) ("District courts have wide latitude in controlling discovery, and [their] rulings will not be overturned in the absence of a clear abuse of discretion.") (internal quotation and citations omitted). This discretion extends to crafting discovery orders that may expand, limit, or differ from the relief requested. *See Crawford-El v. Britton*, 523 U.S. 574, 598 (1998); *UMG Recordings, Inc. v. Doe*, No. C 08-1038 SBA, 2008 WL 2949427, at *3 (N.D. Cal. Jul. 30, 2008).

Here, Plaintiff contends that "100% of the discovery Plaintiffs seek is into [Defendant's] defenses and counterclaims." ECF No. 59-11 at 2. Plaintiffs repeatedly argue that they "should not have to expend resources and time for nothing—when it is Defendant's own claims that discovery is sought for." *Id*. at 8. Although the Court may grant Plaintiffs' motion as unopposed, given that the Court dismissed Defendant's counterclaim and fifth through ninth affirmative defenses (*see* ECF No. 66 at 3–4), the Court shall examine the merits so as to not to compel irrelevant discovery. *See, e.g.*, *Dewidar v. Nat'l. R.R. Passenger Corp.*, No. 17cv62-CAB-RBB, 2018 WL 280023, at *3 (noting that the court could have granted defendant's motion to compel because the plaintiff failed to file an opposition, but opted to additionally address the merits of the motion).

In their motion, Plaintiffs seek an order from the Court: (1) compelling Defendant to answer certain interrogatories; (2) compelling Defendant to verify its responses to the interrogatories; (3) precluding Defendant from using untimely answers to interrogatories at trial; (4) compelling Defendant to respond to certain requests for production; (5)

precluding Defendant from using untimely production of documents at trial; (6) deeming certain requests for admissions admitted; and (7) requiring Defendant to pay Plaintiffs' attorney fees incurred in bringing this motion. The Court will address these in turn.

### A. Claims and Defenses that have Survived

Defendant's "fifth affirmative defense broadly asserts that any performance by Defendant was excused by the conduct of Plaintiffs. The next three defenses assert that the complaint is barred for various reasons: fraud or negligent misrepresentations (sixth defense); the doctrine of illegality of contract (seventh defense); and the doctrine of unclean hands and "failure to do equity" (eighth defense). The ninth affirmative defense asserts that Plaintiffs have acted in bad faith." ECF No. 66 at 2. Defendant's counterclaim sought "a declaratory judgment setting forth 'the respective rights, duties and obligations of the parties . . . including determining that [Plaintiffs] have damaged Players Network by their wrongful conduct.'" *Id*. at 2–3 (quoting ECF No. 54 at 14). In granting Plaintiffs' motion, the Court dismissed Defendant's counterclaim and fifth through ninth affirmative defenses. ECF No. 66 at 3–4. For clarity, the following claims and defenses remain:

1. Plaintiffs' claim for declaratory relief, requesting "a declaration of their rights under the contract, specifically that under Section 5.3 of the Warrants," regarding the anti-dilution provisions and the exercise price. ECF No. 13 at ¶¶ 64–66.

2. Plaintiffs' claim for breach of contract, alleging that "Plaintiffs validly exercised their Warrants under the Warrants' Cashless Exercise provisions" and "Defendant has improperly refused to issue Plaintiffs shares with an aggregate fair market value of $1,341,755.70[.]" *Id*. at ¶¶ 71–73.

3. Defendant's first affirmative defense, alleging that Plaintiffs' complaint fails to state a claim upon which relief can be granted. ECF No. 54 at 5.

4. Defendant's second affirmative defense, alleging that Plaintiffs' claims are barred by the doctrine of estoppel. *Id*. at 6.

5. Defendant's third affirmative defense, alleging that Plaintiffs' claims have been waived. *Id*.

6. Defendant's fourth affirmative defense, alleging that Plaintiffs' failed to mitigate their damages. *Id*.

## B. Whether Defendant should be Compelled to Answer Certain Interrogatories

Nonprivileged information is discoverable under Rule 26 if it is (1) relevant to any party's claim or defense, and (2) proportional to the needs of the case. FED. R. CIV. P. 26(b). Courts have broad discretion to determine relevance for discovery purposes. *Doherty v. Comenity Capital Bank*, No. 16cv1321-H-BGS, 2017 WL 1885677, at *2 (S.D. Cal. May 9, 2017) (citing *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002)); *see also Youngevity Int'l, Inc. v. Smith*, No. 16cv704-BTM-JLB, 2017 WL 2692928, at *3 (S.D. Cal. June 22, 2017). When analyzing relevance, Rule 26(b) no longer limits discovery to information "reasonably calculated to lead to the discovery of admissible evidence." *In Re Bard IVC Filters Prods. Liab. Litig.*, 317 F.R.D. 562, 563–64, 564 n.1 (D. Ariz. 2016) (discussing the 2015 amendments to the Federal Rules of Civil Procedure and the advisory committee's explicit removal of the phrase "reasonably calculated," and listing cases that continue to use the outdated pre-2015 standard). The relevance standard is commonly recognized as one that is necessarily broad in scope in order "to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Doherty*, 2017 WL 1885677, at *2 (internal quotation omitted). Regardless of its broad nature, however, relevance is not without "ultimate and necessary boundaries." *Id*.

Plaintiff seeks an order from the Court compelling Defendant to respond to Interrogatories Nos. 1–8 and 13. Given the defenses and counterclaims dismissed, the Court will briefly examine whether each is relevant. FED. R. CIV. P. 26(b) (stating that nonprivileged information must be relevant to be discoverable). The Court declines to address Defendant's objections raised in its discovery responses because it did not reassert them within an opposition brief to the instant motion. *SolarCity Corp. v. Doria*, No. 16cv3085-JAH-RBB, 2018 WL 467898, at *3 (S.D. Cal. Jan. 18, 2018) (quoting *Medina v. County of San Diego*, No. 08cv1252-BAS-RBB, 2014 WL 4793026, at *8 (S.D. Cal.

Sept. 25, 2014)) ("When ruling on a motion to compel, courts in this district "generally consider[ ] only those objections that have been timely asserted in the initial response to the discovery request and that are subsequently reasserted and relied upon in response to the motion to compel."); *Sherwin-Williams Co. v. Earl Scheib of Cal., Inc.*, No. 12cv2646-JAH-JMA, 2013 WL 12073836, at *2 n.1 (S.D. Cal. Mar. 4, 2013) (deeming all objections raised in response to the discovery requests but not addressed in the discovery motion to be moot or waived, limiting its review to arguments presented in the parties' briefs).

In Interrogatory No. 1, Plaintiffs request:

> Please state the lowest price at which Defendant granted any third party any right to acquire Defendant's stock or transferred ownership of any of its common stock to a third party on or after May 8, 2017.

ECF No. 59-4 at 4. This interrogatory is relevant to the scope of Plaintiffs' declaratory judgment and breach of contract claims. *See e.g.*, ECF No. 48 at ¶¶ 4–10, 25–26, 66, 71–73. Thus, the Court grants Plaintiffs' request to compel a supplemental response.

In Interrogatory No. 2, Plaintiffs request:

> Please disclose all transactions, on or after May 8, 2017, in which Defendant granted any third party any right to acquire Defendant's stock or transferred ownership of any of its common stock to a third party. For each transaction, state the date, the per-share price granted to the third party, and identify Defendant's counter-party in the transaction, as well as the names, addresses, telephone numbers and email addresses of that party's representatives.

ECF No. 59-4 at 4. This interrogatory is relevant to the scope of Plaintiffs' declaratory judgment and breach of contract claims. *See e.g.*, ECF No. 48 at ¶¶ 4–10, 34, 38, 47, 71–73. Thus, the Court grants Plaintiffs' request to compel a supplemental response.

In Interrogatory No. 3, Plaintiffs request:

> Please disclose all transactions, on or after May 8, 2017, in which Defendant granted any third party any right to acquire Defendant's stock or transferred ownership of any of its common stock to a third party at a price of less than $0.14 per share. For each transaction, state the date, the per-share price granted to the third party, and identify Defendant's counter-party in the

transaction, as well as the names, addresses, telephone numbers and email addresses of that party's representatives.

ECF No. 59-8 at 4–5. This interrogatory is relevant to the scope of Plaintiffs' declaratory judgment and breach of contract claims. *See e.g.*, ECF No. 48 at ¶¶ 4–10, 34, 38, 47, 71–73. Thus, the Court grants Plaintiffs' request to compel a supplemental response.

In Interrogatory No. 4, Plaintiffs request:

For each transaction disclosed in response to Interrogatory Nos. 2 and 3, please state the date on which you gave written notice of the transaction to Plaintiffs.

ECF No. 59-8 at 5. This interrogatory is relevant to the scope of Plaintiffs' claims. *See e.g.*, ECF No. 48 at ¶¶ 4–10, 25–26, 34, 38, 41–42, 47, 66, 71–73. Thus, the Court grants Plaintiffs' request to compel a supplemental response.

In Interrogatory No. 5, Plaintiffs request:

Please state the dates of all conversions of notes that have occurred on or after May 8, 2017 for notes under which Defendant was the debtor and identify all lenders on each note.

ECF No. 59-8 at 5. This interrogatory is relevant to the scope of Plaintiffs' claims. *See e.g.*, ECF No. 48 at ¶¶ 4–10, 25–26, 34, 38, 41–42, 47, 66, 71–73. Thus, the Court grants Plaintiffs' request to compel a supplemental response.

In Interrogatory No. 6, Plaintiffs request:

Please state all facts supporting your allegation that Plaintiffs colluded and/or conspired to drive down Defendant's stock price. Specifically detail all trades or other transactions you claim drove down Defendant's stock price, including the date and price of each transaction you claim negatively impacted the market price of the stock. State also all time periods during which you claim Plaintiffs drove down Defendant's stock price, detailing specifically all relevant time periods and relevant changes in the price of Defendant's stock which you allege were caused by Plaintiffs.

ECF No. 59-8 at 5–6. In seeking to compel a response to this interrogatory, Plaintiff contends that "Defendant also refuses to explain the factual and legal basis of its

contentions in this proceeding." ECF No. 59-11 at 14. Plaintiff argues that Interrogatory No. 6 is a contention interrogatory, "asking Defendant to detail the legal and factual bases of these contentions" that Plaintiff have colluded and conspired with one another to harm Defendant by "acting in tandem to drive down the price of [Defendant's] stock." *Id*. at 14 (citing Defendant's response to Plaintiffs' motion for summary judgment, ECF No. 19); *see* FED. R. CIV. P. 33(a)(2); *Largan Precision Co. v. Samsung Elecs. Co.*, No. 13cv2740-DMS-NLS, 2015 WL 11251730, at *2 (S.D. Cal. May 5, 2015) (explaining that contention interrogatories are "not to obtain facts, but rather to narrow the issues that will be addressed at trial and to enable the propounding party to determine the proof required to rebut the respondent's position"). At the time that Defendant responded to Plaintiffs' motion for summary judgment, it had recently answered Plaintiffs' original complaint. ECF Nos. 18, 19. Defendant's statements in its opposition to Plaintiffs' motion for summary judgment reflect its ninth affirmative defense, which asserted that Plaintiffs acted in bad faith, which is present in its initial answer (ECF No. 18 at 6) and the operative answer to Plaintiff's second amended complaint (ECF No. 54 at 7). Defendant's statements also related to its counterclaim, seeking declaratory judgment determining that Plaintiffs damaged Defendant by their wrongful conduct. ECF No. 54 at 14. However, the Court has since dismissed Defendant's ninth affirmative defense and counterclaim. ECF No. 66. Thus, this contention interrogatory is no longer relevant and the Court denies Plaintiffs' request to compel a supplemental response.

In Interrogatory No. 7, Plaintiffs request:

> Please state the dates on which Plaintiffs' Warrants were registered with the Securities and Exchange Commission (SEC) and state in detail all statutes, rules or regulations which you allege either: (a) prevent the Warrants from being exercised through a cashless exercise; or (b) prevent the exercise price under the Warrants from being adjusted.

ECF No. 59-8 at 6. In seeking to compel a response to this interrogatory, Plaintiff argues that Defendant has refused to explain the legal basis of its contentions. ECF No. 59-11 at 14, 16. Plaintiff argues that Interrogatory No. 7 is a contention interrogatory, asking

Defendant to detail its legal contentions that "once the Warrants were registered with the SEC … the Warrants … are not subject to re-pricing." *Id*. at 16 (ellipses in original); *see* FED. R. CIV. P. 33(a)(2); *Largan Precision Co.*, 2015 WL 11251730, at *2 (explaining that contention interrogatories are "not to obtain facts, but rather to narrow the issues that will be addressed at trial and to enable the propounding party to determine the proof required to rebut the respondent's position"). The Court finds that this contention interrogatory is relevant to Defendant's defense to Plaintiffs' declaratory judgment and breach of contract claims. *See e.g.*, ECF No. 48 at ¶¶ 4–10, 25–26, 34, 38, 41–42, 47, 66, 71–73. Thus, the Court grants Plaintiffs' request to compel a supplemental response.

> In Interrogatory No. 8, Plaintiffs request:

> If you contend that registering Plaintiffs' Warrants with the Securities and Exchange Commission (SEC) either: (a) prevents the Warrants from being exercised through a cashless exercise; or (b) prevents the exercise price under the Warrants from being adjusted, please state in detail all facts and legal arguments explaining why registering the Warrants with the SEC was not a material breach of contract, insofar as it deprived Plaintiffs of the contractual right to conduct a cashless exercise or to benefit from adjustments in the exercise price.

ECF No. 59-2 at 9. In seeking to compel a response to this interrogatory, Plaintiff argues that Defendant has refused to explain the legal basis of its contentions. ECF No. 59-11 at 14, 16. Plaintiff argues that Interrogatory No. 8 is a contention interrogatory, asking Defendant to detail its legal basis for defending Plaintiffs' claims. *Id*. at 16. Here, Plaintiff is requesting that Defendant provide its legal argument of why its actions were not a breach of contract. The Court finds that this contention interrogatory is clearly relevant to Defendant's defense of Plaintiffs' breach of contract claims, and that Defendant needs to address the interrogatory's contents in its defense of this case. FED. R. CIV. P. 33(a)(2); *Largan Precision Co.*, 2015 WL 11251730, at *2 (explaining that contention interrogatories are "not to obtain facts, but rather to narrow the issues that will be addressed at trial and to enable the propounding party to determine the proof required to rebut the

respondent's position"); *see e.g.*, ECF No. 48 at ¶¶ 4–10, 25–26, 34, 38, 41–42, 47, 66, 71–73. Thus, the Court grants Plaintiffs' request to compel a supplemental response.

In Interrogatory No. 13, Plaintiffs request:

If your response to any of Plaintiffs' Requests for Admissions is anything other than an unqualified admission, please state in detail the factual and legal basis of your denial or partial denial or inability to respond to the request.

ECF No. 59-8 at 6. Defendant denied every RFA, except Nos. 8 and 15, where it asserted it did not have sufficient information to admit or deny. *See id*. Therefore, Defendant's answer to Interrogatory No. 13 requires explanations regarding all RFAs. The Court has reviewed Plaintiffs' RFAs and summarizes that Plaintiffs seek admissions: that Plaintiffs are entitled to declaratory judgment (RFA No. 1); that Defendant breached the terms of the Warrants (RFA Nos. 9–10, 17–18); that Plaintiffs are entitled to an award of attorney fees (RFA No. 7); that Defendant filed certain statements with the SEC regarding the warrants (RFA Nos. 2–3); that Defendant's attorney drafted the SEC filings (RFA No. 6); that Plaintiffs' warrants were adjusted pursuant to a promissory note (RFA Nos. 4–5); that written notice was not provided to Plaintiffs regarding transactions of common stock (RFA Nos. 8, 15–16); that Defendant was unaware and not reliant on negligent misrepresentations (RFA Nos. 11–12, 19–20); that Defendant is unaware of specific actions Plaintiffs took to drive down Defendant's stock price (RFA No. 13); that Defendant permitted Fourth Man LLC to acquire stock at 0.0264 per share (RFA No. 14); that Defendant did not suffer damages (RFA No. 21); that Plaintiffs did not conspire or enter into any agreement to commit any unlawful act against Defendant (RFA No. 22–23); that Plaintiffs did not breach the covenant of good faith and fair dealings of the contract (RFA No. 24); and that Plaintiffs have never caused the price of Defendant's common stock to decline (RFA No. 25). ECF No. 59-4. The Court finds that RFA Nos. 13, 22, 23, 24, 25 are not relevant, because they seek information regarding Defendant's counterclaim and ninth affirmative defense, which allege that Plaintiffs colluded or conspired with one another to harm Defendant by acting in tandem to drive down the price of Defendant's stock, i.e.,

acting in bad faith to wrong Defendant. ECF No. 54 at 7, 14. Since the Court has dismissed Defendant's ninth affirmative defense and counterclaim (*see* ECF No. 66), the Court finds that these RFAs are no longer relevant and the Court denies Plaintiffs' request to compel a supplemental response regarding them. However, the Court finds the remaining RFAs relevant to Plaintiffs' claims and Defendant's defense of those claims, and therefore grants Plaintiffs' request to compel a supplemental response, but only as to the "factual and legal basis of [Defendant's] denial or partial denial or inability to respond to" RFA Nos. 1–12 and 14–21.

For the reasons set forth above, the Court overrules Defendant's objections as waived, and finds that Interrogatory Nos. 1, 2, 3, 4, 5, 7, 8, and portions of 13 are relevant. As such, the Court **GRANTS IN PART** Plaintiff's motion to compel and **ORDERS** that Defendant provide supplemental responses to Interrogatory Nos. 1–5, 7–8, and 13 (as it relates to RFAs No. 1–12 and 14–21) by **May 22, 2020**.

However, "to the extent Plaintiff[s] disagree[] with the accuracy of Defendant's responses. . . the Court cannot compel Defendant to provide 'better' responses if Defendant stands by the accuracy of the responses." *Stone Brewing Co., LLC v. Molson Coors Brewing Co.*, No. 18cv331-BEN-LL, 2019 WL 1491962, at *5 (S.D. Cal. Apr. 4, 2019); *Nutrition Distribution LLC v. PEP Research, LLC*, 16cv2328-WQH-BLM, 2018 WL 1245052, at *9 (S.D. Cal. Mar. 9, 2018) ("While Plaintiff disputes the accuracy of the response in light of other information known to it, it is not the Court's job to evaluate the veracity of Defendant's discovery response, only the sufficiency"). If Defendant chooses to stand by responses that Plaintiff claims are not accurate, Plaintiff will need to address Defendant's responses on the merits.

/ /

/ /

/ /

/ /

/ /

1
2

     **C.**   **Whether Defendant should be Compelled to Verify its Responses to the Interrogatories**

3
4
5

    Plaintiff requests an order from the Court requiring Defendant to answer the interrogatories "fulsomely and truthfully, with proper verification under penalty of perjury." ECF No. 59-11 at 3.

6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

    "Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." FED. R. CIV. P. 33(b)(3). As such, the person who answers interrogatories must verify the responses by signing them. FED. R. CIV. P. 33(b)(5); *see also Hash v. Cate*, No. C 08-03729 MMC DMR, 2012 WL 6043966, at *2 (N.D. Cal. Dec. 5, 2012) ("interrogatory responses . . . must contain facts, and the party responding must verify that those facts are true and correct to the best of his knowledge"). Though already required by the Federal Rules, courts have ordered parties to serve verified supplemental responses, especially when previous responses were un-verified. *See, e.g.*, *Stone Brewing*, 2019 WL 1491962, at *5 (compelling responses to interrogatories, noting that the original responses did not contain a verification page, and requiring that the supplemental responses be signed and dated "under penalty of perjury"); *Nutrition Distribution LLC*, 2018 WL 1245052, at *9 (same); *King v. Biter*, No. 15cv414-LJO-SAB-PC, 2017 U.S. Dist. LEXIS 84260, at *7 (E.D. Cal. June 1, 2017) (noting that the plaintiff did not verify its supplemental interrogatory responses and ordering that "Defendants' request for Plaintiff to provide verified supplemental responses to all of their interrogatories must be granted. [] Accordingly, the Court will direct Plaintiff to provide verified supplemental responses. . . dated and signed by Plaintiff, attesting under penalty of perjury to facts known by Plaintiff").

24
25
26
27
28

    The Court notes that Defendant verified its initial interrogatory responses, but did not verify its supplemental interrogatory responses. ECF Nos. 59-2, 59-8. As such, the Court **ORDERS** that Defendant verify all supplemental interrogatory responses required by this Order.

### D.   Whether Defendant should be Compelled to Respond to Certain Requests for Production

Plaintiff alleges that the documents produced on a thumb drive are nonresponsive, and thus Plaintiff seeks an order from the Court compelling Defendant to respond to its RFPs. ECF No. 59-11 at 3. Plaintiffs assert that the documents are nonresponsive because: the transaction documents "do not include documents related to the lowest share sale transactions[;]" the email file contains "zero emails of collusion between Plaintiffs to drive the stock price down, zero emails of any promises collateral to the Securities Purchase Agreement or Warrants at issue in this case; and zero emails to support any other defense raised by Defendant[;]" and there are "no documents to support Defendant's claims of collusion, market manipulation, stock fraud, or fraud in the inducement." *Id.* at 6 (emphasis omitted). However, Plaintiff's motion to compel does not discuss which RFPs it seeks to compel, and merely lists in its conclusion that the Court should compel Defendant "to produce all documents responsive to Request for Production Nos. 1–7 and 13." *Id.* at 23.

Despite Plaintiffs' motion's shortcomings, given the defenses and counterclaims dismissed, the Court will briefly examine whether each is relevant. FED. R. CIV. P. 26(b) (stating that nonprivileged information is discoverable if it is relevant). The Court declines to address Defendant's objections raised in its discovery responses because it did not reassert them within an opposition brief to the instant motion. *SolarCity Corp.*, 2018 WL 467898, at *3 (quoting *Medina*, 2014 WL 4793026, at *8) ("When ruling on a motion to compel, courts in this district "generally consider[ ] only those objections that have been timely asserted in the initial response to the discovery request and that are subsequently reasserted and relied upon in response to the motion to compel."); *Sherwin-Williams Co.*, 2013 WL 12073836, at *2 n.1 (deeming all objections raised in response to the discovery requests but not addressed in the discovery motion to be moot or waived, limiting its review to arguments presented in the parties' briefs).

In RFP No. 1, Plaintiffs seek information about Defendant's debts. ECF No. 59-9 at 4. In RFP No. 2, Plaintiffs seek information about warrants to purchase common stock

issued by Defendant. *Id*. In RFP No. 3, Plaintiffs seek information about conversion of Defendant's debtor notes. *Id*. In RFP No. 4, Plaintiffs seek information about transactions with third parties regarding acquiring Defendant's stock. *Id*. In RFP No. 5, Plaintiffs seek information about notices of conversion received by Defendants. Id. at 5. *In* RFP No. 6, Plaintiffs seek information about notices of exercise of warrants received by Defendants. Id. at 5. *In* RFP No. 7, Plaintiffs seek communications regarding common stock issuance instructions. Id. at 5. In RFP No. 13, Plaintiffs seek communications referencing Plaintiffs' or Fourth Man LLC's warrants. *Id*. at 5. The Court finds that these RFPs do not relate to the dismissed counterclaim and affirmative defenses, and are relevant to the scope of Plaintiffs' declaratory judgment and breach of contract claims and Defendant's defenses. *See, e.g.*, ECF No. 48 at ¶¶ 4–10, 25–26, 34, 38, 41–42, 47, 66, 71–73.

For the reasons set forth above, the Court overrules Defendant's objections as waived, **GRANTS** Plaintiff's motion to compel, and **ORDERS** that Defendant produce all responsive documents to RFP Nos. 1–7 and 13 by **May 22, 2020**.

### E.   Whether Defendant should be Precluded from Using Untimely Production of Documents and Answers to Interrogatories during Summary Judgment and Trial

Plaintiff requests that the Court "order[] *nunc pro tunc* as of October 30, 2019, that all discovery be answered in full by November 12, 2019, and striking Defendant's ability to use or rely on any document or information that is not produced or disclosed within that time frame, either at the summary judgment stage or at trial." ECF No. 59-11 at 23 (citing FED. R. CIV. P. 37). In essence, this could preclude Defendant from using any of its supplemental discovery responses (served on November 14, 2019), any of the documents produced on the thumb drive (received on November 18, 2019), and any of the supplemental responses required by this Order.

"Rule 37(c)(1), as implemented through the 1993 amendments, was intended to foster stricter adherence to discovery requirements and to broaden the power of the district courts to sanction violations of Rule 26." *Lanard Toys, Ltd. v. Novelty, Inc.*, 375 F. App'x

705, 713 (9th Cir. 2010) (citing *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001)). The Court has great discretion in the imposition of discovery sanctions. *Yeti*, 259 F.3d at 1106 ("although we review every discovery sanction for an abuse of discretion, we give particularly wide latitude to the district court's discretion to issue sanctions under Rule 37(c)(1)"). Among the factors that may properly guide a court in determining whether a violation of a discovery deadline is justified or harmless are: "(1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption of the trial; and (4) bad faith or willfulness involved in not timely disclosing the evidence." *Lanard Toys, Ltd.*, 375 F. App'x at 713. However, "mere negligent conduct is insufficient to impose the severe penalty of exclusionary sanctions, and a showing of bad faith is required." *Network Appliance, Inc. v. Bluearc Corp.*, No. C03-5665-MHP, 2005 WL 1513099, at *3 (N.D. Cal. 2005) (citing *United States v. Sumitomo Mar. & Fire Ins. Co.*, 617 F.2d 1365, 1369 (9th Cir. 1980)).

Plaintiff quotes Federal Rule of Civil Procedure 37(c)(1) for the proposition that "[i]f a party fails to provide information . . . the party is not allowed to use that information . . . to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." ECF No. 59-11 at 23 (ellipses in original) (quoting FED. R. CIV. P. 37(c)(1)). However, the rest of the quoted sentence provides important context: "If a party fails to provide information or identify a witness *as required by Rule 26(a) or (e)*, the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." FED. R. CIV. P. 37(c)(1) (emphasis added). The advisory committee explained that "Paragraph [(c)](1) prevents a party from using as evidence any witnesses or information that, without substantial justification, has not been disclosed as required by Rules 26(a) and 26(e)(1)." FED. R. CIV. P. 37(c) advisory committee's notes to 1993 amendments. Therefore, the Court must first determine whether Defendant's failures to disclose information relating to

Rules 26(a) or 26(e)(1).[1] Rule 26(a) regulates initial disclosures, expert disclosures, and pretrial disclosures, and Rule 26(e) requires parties to supplement their 26(a) disclosures. FED. R. CIV. P. 26(a)(1)–(3); FED. R. CIV. P. 26(e). Plaintiff does not allege that Defendant's failure to respond to Interrogatories, RFAs, or RFPs impacts its initial, expert, or pretrial disclosure obligations—i.e., though it could be inferred, Plaintiff is not contending that Defendants have failed to supplement its initial disclosures.

Further, the Court notes that "[o]f those sanctions that a court may select when applying Rule 37, preclusion of evidence is among the most severe. In fact, under certain circumstances, the imposition of preclusive sanctions is tantamount to dismissal or default judgment." *Klund v. High Tech. Sols., Inc.*, No. 05cv565-JAH, 2006 WL 549385, at *6 (S.D. Cal. Feb. 27, 2006) (citing *Sumitomo Marine & Fire Ins. Co.*, 617 F.2d at 1369); *see, e.g.*, *Network Appliance*, 2005 WL 1513099, at *3 ("on the menu of sanctions that a court may select from in applying Rule 37, preclusion of evidence is among the most severe"). Moreover, "'[e]xclusion sanctions based on alleged discovery violations are generally improper absent undue prejudice to the opposing side.'" *Network Appliance*, 2005 WL 1513099, at *3 (quoting *Amersham Pharmacia Biotech, Inc. v. Perkin-Elmer Corp.*, 190 F.R.D. 644, 648 (N.D. Cal. 2000)). "Delayed production of documents is rarely sufficient to meet this standard." *Network Appliance*, 2005 WL 1513099, at *3.

Here, though the Court admonishes Defendant for its tactics of delay and evasion, Plaintiff has not met its burden to prove, and there is not enough evidence before the Court to make an explicit finding of, bad faith. Therefore, Plaintiffs' request for exclusionary sanctions is denied.

---

[1] Likewise, Plaintiffs' citation to *Estakhrian v. Obenstine* reinforces this point. ECF No. 59-11 at 26 (quoting *Estakhrian v. Obenstine*, No. CV11-3480-FMO-CWx, 2016 WL 6868178, at *11 (C.D. Cal. Feb. 29, 2016)). In *Estakhrian*, the Court imposed exclusionary sanctions because relevant emails were withheld from Defendant's initial disclosures. *Estakhrian*, 2016 WL 6868178, at *8, *10–*11.

### F.   Whether Certain Requests for Admissions should be Deemed Admitted

Plaintiff seeks an order from the Court finding that RFA Nos. 2, 3, 4, 5, and 13 are deemed admitted. ECF No. 62-1 at 20. Plaintiff cites out-of-circuit cases for the proposition that "numerous courts have held that inadequate responses should be judicially altered into deemed admissions." ECF No. 62-1 at 23.

The purpose of requests for admission are "to expedite trial by establishing certain material facts as true and thus narrowing the range of issues for trial." *Asea, Inc. v. S. Pac. Transp. Co.*, 669 F.2d 1242, 1245 (9th Cir. 1981). "If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it." FED. R. CIV. P. 36(a)(4). When served with requests for admission, if a party fails to answer or object within the 30-day response period, those matters can be deemed admitted. *See* FED. R. CIV. P. 36(a)(3). "Rule 36(a) provides that a matter may be deemed admitted if the answer 'does not comply with the requirements of this rule.' It is undisputed that failure to answer or object to a proper request for admission is itself an admission: the Rule itself so states. It is also clear that an evasive denial, one that does not 'specifically deny the matter,' or a response that does not set forth 'in detail' the reasons why the answering party cannot truthfully admit or deny the matter, may be deemed an admission." *Asea*, 669 F.2d at 1245. If a party's response is insufficient, "[a]lthough the district court should ordinarily first order an amended answer, and deem the matter admitted only if a sufficient answer is not timely filed, this determination, like most involved in the oversight of discovery, is left to the sound discretion of the district judge." *Id.* at 1247.

However, an order deeming matters admitted is a "severe sanction." *Id.* (vacating district court's order deeming RFAs admitted because it was a "severe sanction" that required a showing "that that a party has intentionally disregarded the obligations imposed by Rule 36(a)" and the district court did not state a basis for finding "that the [defendant] did not make reasonable inquiry or that the information readily obtainable was sufficient to allow them to admit or deny the particular requests"). The Ninth Circuit has observed

that "courts generally order an amended answer rather than deem the matter admitted." *Id.* at 1246; *see, e.g.*, *Klopman-Baerselman v. Air & Liquid Sys. Corp.*, No. 18cv5536-RJB, 2019 WL 3082353, at *1, *4, *6 (W.D. Wash. July 15, 2019) (when plaintiff requested that "[defendant]'s untruthful answers to Requests for Admission . . . be deemed admitted," the court instead ordered that defendant serve amended responses); *Springer v. General Atomics Aeronautical Sys.*, No. 16cv2331-BTM-KSC, 2018 WL 490745, at *3–*5 (S.D. Cal. Jan. 18, 2018) (though it found that defendant's responses to RFAs were evasive and did not answer the question presented, the court ordered that defendant serve amended responses).

Plaintiff cites *Xiao Wei* as an example of when a court deemed admitted those RFAs which were inadequately answered. ECF No. 59-11 at 24 (citing *Xiao Wei Catering Linkage in Inner Mong. Co. v. Inner Mong. Xiao Wei Yang USA, Inc.*, No. 15-10114-DJC, 2018 WL 1718630, at *4–*5 (D. Mass. Apr. 9, 2018)).  However, the facts of *Xiao Wei* are distinguishable from the instant case. In *Xiao Wei*, plaintiff refused to admit or deny the RFAs, and instead responded with pages of legal arguments and boilerplate objections. *Xiao Wei*, 2018 WL 1718630, at *3–*4. There, the court noted that plaintiff's non-responses were "in violation of Rule 36[,]" which requires that "[i]f a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it[,]" and "[o]n finding that an answer does not comply with this rule, the court may order either that the matter is admitted[.]" *Id*. at *3; Fed. R. Civ. P. 36(a)(4)–(6). Thus, since plaintiff had not complied with Rule 36 by refusing to admit or deny the RFAs, the court deemed its nonresponses as admissions, also noting that the RFAs requested information clearly in the parties' Cooperation Agreement, which the court had reviewed. *Xiao Wei*, 2018 WL 1718630, at *4–*5. In the instant case, Defendant did not fail to admit or deny the RFAs, as in *Xiao Wei*; it denied the RFAs, which Plaintiff contends is untrue.

Plaintiff cites *Perry* as another example of when a court deemed admitted those RFAs which were inadequately answered, quoting the Court's ruling regarding three RFAs.

ECF No. 59-11 at 23 (quoting *Perry v. Sims*, No. 17cv197-JMS-TAB, 2018 WL 4680215, at *4–*5, *19 (S.D. Ind. Sept. 28, 2018)). However, the responses to the RFAs Plaintiff relies on in *Perry* are also distinguishable from the instant case. Plaintiff points to *Perry*'s Requests Nos. 2 and 16 to one party, and Request No. 11 to another party. ECF No. 59-11 at 23. In its responses to Requests Nos. 2 and 16, the defendant's denial of the RFA was immediately followed by explanations and objections that clearly contradicted the denial. *Perry*, 2018 WL 4680215 ,at *1–*2. For example, Request No. 16 requested whether defendant "asked her [mother's] opinion of me," and Defendant responded with "Denied as stated. . . . [Mother] was asked her opinion . . ." *Id*. at *2. Therefore, since defendant's own denial was contradicted by her response, the Court deemed the RFA admitted. *Id*.; *see e.g.*, *id*. at *1–*2 (Request No. 2 entailed the same scenario of defendant "den[ying] as stated" the RFA of whether forced medication was approved, but going on, in the same response, to state that "forced medication was approved." Likewise, the Court deemed the RFA admitted). In Request No. 11, like in *Xiao Wei*, the defendant failed to admit or deny the RFA, and instead claimed it did not have access to the information. *Id*. at *7. Thus, since no answer was given, the court deemed the RFA admitted and noted that the defendant did indeed have knowledge of whether she personally wrote the report. *Id*. (RFA asked whether the defendant wrote a report, not about the content of the report).

In the instant case, Defendant denied the RFAs but its supplemental responses do not clearly contradict the denial, as in *Perry*. For example, the RFA Nos. 2–3 request that Defendant admit that "in a public filing with the Securities and Exchange Commission (SEC), *you admitted that* . . ." ECF No. 59-4 at 4–6 (emphasis added). Defendant supplemented its denial by stating that "the public filing with the SEC was only for informational purposes to describe the claims made by Gemini Master Fund, Ltd.; it was not an admission of the validity of the claims asserted by Gemini Master Fund, Ltd." ECF No. 59-8 at 7. Though arguably contradictory, the Court declines to find that these are as obvious as examples as those in *Perry*.

Here, the Court finds it appropriate to first order Defendant to provide amended responses. *See Asea*, 669 F.2d at 1246–47 (explaining that, although courts have discretion, "the district court should ordinarily first order an amended answer, and deem the matter admitted only if a sufficient answer is not timely filed"); *Klopman-Baerselman*, 2019 WL 3082353, at *1, *4, *6 (when plaintiff requested that "[defendant]'s untruthful answers to Requests for Admission . . . be deemed admitted," the court instead ordered that defendant serve amended responses). As discussed above, the Court finds that RFA No. 13 is not relevant because it seeks an admission that Defendant is unaware of specific actions Plaintiffs took to drive down Defendant's stock price, which relates only to Defendant's dismissed counterclaim and ninth affirmative defense. Compare ECF No. 66 *with* ECF No. 54 at 7, 14 *and* ECF No. 59-4 at 8. Therefore, the Court declines to order Defendant to provide an amended response to RFA No. 13.

Therefore, the Court **GRANTS IN PART** Plaintiffs' motion to compel and **ORDERS** Defendant to serve on Plaintiffs its "amended, sufficient, and complete answers" to RFA Nos. 2–5 no later than **May 22, 2020**. See *Klopman-Baerselman*, 2019 WL 3082353, at *6. In ordering Defendant to amend its responses, the Court reminds Defendant that "[p]arties may not view requests for admission as a mere procedural exercise requiring minimally acceptable conduct. They should focus on the goal of the Rules, full and efficient discovery, not evasion and word play." *Marchand v. Mercy Medical Ctr.*, 22 F.3d 933, 936 (9th Cir. 1994). The Court also reminds Defendant that "'if the party requesting the admission later proves the genuineness of the document or the truth of the matter requested, the court may order the party that denied the request to pay the costs of her opponent in making that proof.'" *K.C.R. v. County of Los Angeles*, No. CV13-3806-PSG-SSx, 2014 WL 3433772, at *3 (C.D. Cal. July 14, 2014) (quoting *McFadden v. Ballard, Spahr, Andrews & Ingersoll, LLP*, 243 F.R.D. 1, 7 (D. D.C. 2007)).

//

//

//

### G.   Whether Defendant should be Sanctioned to Pay Plaintiffs' Attorney Fees incurred in Bringing this Motion

Plaintiff requests that the Court "[o]rder[] that Defendant pay Plaintiffs' attorneys' fees under Rule 37 for this entire exercise and any subsequent briefing or argument that is required on these discovery issues." ECF No. 59-11 at 23.

Federal Rule of Civil Procedure 37 requires that, if a motion to compel discovery responses is granted, "the court *must*, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." FED. R. CIV. P. 37(a)(5)(A) (emphasis added). However, "the court *must not* order this payment if . . . the opposing party's nondisclosure, response, or objection was substantially justified[.]" FED. R. CIV. P. 37(a)(5)(A)(ii) (emphasis added).

The Court finds that Defendant's continued delay was not substantially justified. Further, the Court finds that Defendant's conduct shows a disregard for the importance of working cooperatively, and, as such, has failed to act in compliance with the spirit of the Federal Rules of Civil Procedure. *See, e.g.*, *Trevino v. Celanese Corp.*, 701 F.2d 397, 405 (5th Cir. 1983) ("Rule 1 of the Federal Rules of Civil Procedure directs that the rules shall be construed to secure the just, speedy, and inexpensive determination of every action. There probably is no provision in the federal rules that is more important than this mandate. It reflects the spirit in which the rules were conceived and written, and in which they should be, and by and large have been, interpreted. The primary purpose of procedural rules is to promote the ends of justice") (internal quotations omitted); *Schrotberger v. Grays Harbor County*, No. C15-5949-RBL, 2017 WL 714228, at *2 (W.D. Wash. Feb. 23, 2017) ("The first rule of trial work is cooperation as embodied in FRCP 1"); *Nat'l R.R. Passenger Corp. v. Camargo Trucking*, No. 12cv775-BAM, 2013 WL 2991067, at *2 (E.D. Cal. June 14, 2013) ("The Federal Rules of Civil Procedure dictate that discovery should be a cooperative process and not an unreasonably burdensome one"). Thus, the Court **GRANTS**

Plaintiffs leave to file an application for fees and expenses pursuant to Fed. R. Civ. P. 37(a)(5)(A). Plaintiffs' counsel must file an affidavit demonstrating the amount of attorney fees incurred[2] in connection with their efforts to compel the production of the discovery presently at issue. Plaintiffs' application shall be filed no later than **May 22, 2020**. Defendant may file a response to this submission no later than **May 29, 2020**.

## V. SCHEDULING ORDER

Fact discovery closed in this case on January 10, 2020. ECF No. 33 at 3. Because the Court orders Defendant to respond to Plaintiffs' discovery requests after the fact discovery deadline passed, there is good cause to extend the fact discovery deadline solely as to those discovery requests that are subject to this Order. Should parties have disputes regarding Defendant's responses, the Court orders that the parties follow the procedures outlined in its Chambers Rules. *See* Chmb.R. at 2–3. The Court expects counsel to make every effort to resolve all disputes without court intervention through the meet and confer process pursuant to Local Rule 26.1(a). If the parties reach an impasse on the discovery issue, the movant must e-mail chambers at efile_goddard@casd.uscourts.gov no later than **June 5, 2020**, seeking a telephonic conference with the Court to discuss the discovery dispute.

## VI. ADDITIONAL CONSIDERATIONS

Here, the Court denied Defendant's counsel's motion to withdraw because "'[o]nly natural persons representing their individual interests in propria persona may appear in

---

[2] The Court declines to grant an award of attorney fees for hypothetical fees not yet incurred. *Compare* ECF No. 59-11 at 23 (requesting attorney fees for "any subsequent briefing or argument that is required on these discovery issues") *with Flast v. Cohen*, 392 U.S. 83, 96 (1968) ("[T]he oldest and most consistent thread in the federal law of justiciability is that the federal courts will not give advisory opinions") *and Maldonado v. Morales*, 556 F.3d 1037, 1044 (9th Cir. 2009) ("The role of the courts is neither to issue advisory opinions nor to declare rights in hypothetical cases, but to adjudicate live cases or controversies").

court without representation by an attorney. . . . All other parties, including corporations, partnerships and other legal entities, may appear in court only through an attorney[,]'" and Defendant had not yet secured new counsel. ECF No. 64 at 2 (quoting CivLR 83.3(j)). Defendant's counsel is reminded that, when a motion to withdraw is denied, counsel must continue representation of the client. In California,[3] "[i]f permission for termination of a representation is required by the rules of a tribunal, a lawyer shall not terminate a representation before that tribunal without its permission." Cal. R. Prof. Conduct. 1.16(c) (2019); *see* Cal. R. Prof. Conduct 1.0.1(m) (defining tribunal as "a court, . . ."). "If a tribunal denies a lawyer permission to withdraw, the lawyer is obligated to comply with the tribunal's order." Cal. R. Prof. Conduct. 1.16(c), comment 4 (2019) (citing Cal. Bus. & Prof. Code §§ 6068(b), 6103). In Nevada,[4] the rules are almost identical: "A lawyer must comply with applicable law requiring notice to or permission of a tribunal when terminating representation. When ordered to do so by a tribunal, a lawyer shall continue representation notwithstanding good cause for terminating the representation." Nev. R. Prof. Conduct 1.16(c) (2019).

## VII.   CONCLUSION

For the reasons set forth above, the Court **GRANTS IN PART** Plaintiffs' motion as follows:

1.   The Court **ORDERS** that Defendant serve supplemental responses to Interrogatory Nos. 1–5, 7–8, and 13 (as it relates to RFAs No. 1–12 and 14–21) by **May 22, 2020**.

2.   The Court **ORDERS** that Defendant verify all supplemental interrogatory responses required by this Order.

3.   The Court **ORDERS** that Defendant produce all responsive documents to RFP Nos. 1–7 and 13 by **May 22, 2020**.

---

[3] Guillermo Cabrera is a member of the state bar of California.

[4] Barney C. Ales is a member of the state bar of Nevada.

4.    The Court **ORDERS** Defendant to serve on Plaintiffs its amended, sufficient, and complete answers to RFA Nos. 2–5 no later than **May 22, 2020**.

5.    The Court **GRANTS** Plaintiffs leave to file an application for fees and expenses pursuant to FED. R. CIV. P. 37(a)(5)(A). Plaintiffs' counsel must file an affidavit demonstrating the amount of attorney fees incurred in connection with their efforts to compel the production of the discovery presently at issue. Plaintiffs' application shall be filed no later than **May 22, 2020**. Defendant may file a response to this submission no later than **May 29, 2020**.

**IT IS SO ORDERED.**

Dated:  May 1, 2020

_Allison H. Goddard_____

Honorable Allison H. Goddard
United States Magistrate Judge

3:18-cv-1745-BAS-AHG