UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BLACK MOUNTAIN EQUITIES, INC. *et al.*,<br><br>　　　　　　　　　Plaintiffs,<br><br>　v.<br><br>PLAYERS NETWORK, INC.,<br><br>　　　　　　　　　Defendant. | Case No. 18-cv-1745-BAS-AHG<br><br>**ORDER GRANTING MOTION TO WITHDRAW**<br><br>**[ECF No. 75]** |

　　　Presently before the Court is a motion to withdraw as counsel of record by counsel for Players Network, Inc., Barney C. Ales and Guillermo Cabrera. (ECF No. 75.) Mr. Ales represents Players Network and Mr. Cabrera acts as local counsel in this matter. In December 2019, these attorneys first moved to withdraw as counsel due to a breakdown in the attorney-client relationship. (ECF No. 63.) The Court denied the motion, stating:

> Parties generally may plead and conduct their own cases personally. 28 U.S.C. § 1654. However, "[o]nly natural persons representing their individual interests in propria persona may appear in court without representation by an attorney." Civ. L.R. 83.3(j). "All other parties, including corporations, partnerships and other legal entities, may appear in court only through an attorney permitted to practice pursuant to Civil Local Rule 83.3." *Id.*; see also *Rowland v.*

*Cal. Men's Colony*, 506 U.S. 194, 201–02 (1993) ("It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel[.]"); *United States v. High Country Broadcasting Co., Inc.*, 3 F.3d 1244, 1245 (9th Cir. 1993) (affirming district court's entry of default judgment against a corporation when the corporation failed to retain counsel).

 Here, Players Network's counsel seek to withdraw themselves as counsel of record for the corporation, which would leave Players Network without counsel. No counsel has appeared on behalf of Players Network to remain in the event counsel are permitted to withdraw, and there is no indication that retaining new counsel for Players Network is imminent. Consequently, permitting this withdrawal would leave Players Network, an "artificial" legal entity, proceeding without counsel in direct contravention to this District's Civil Local Rules. *See* Civ. L.R. 83.3(j); *Rowland*, 506 U.S. at 201–02.

(ECF No. 64.) The Court denied the motion to withdraw without prejudice, stating if Players Network was unable to retain new counsel in the next thirty days, counsel could file a renewed motion no earlier than January 21, 2020. The present motion was filed in June 2020.

 Ales and Cabrera again seek to withdraw because Players Network has failed to follow counsel's advice and has failed to pay fees and costs. ("Ales Decl.," ECF No. 75-2, ¶¶ 10, 11.) Ales and Cabrera acknowledge that Players Network has not retained substitute counsel. They state that after the Court's prior order, Mark Bradley, the President and CEO of Players Network, informed Mr. Ales that he had located replacement counsel and he had reached an informal settlement with Plaintiffs. (ECF No. 75, at 3.) The parties were unable to reach a formal settlement. Mr. Bradley has stated he will retain replacement counsel to take over the case and has no objection to the withdrawal of Ales and Cabrera. (*Id.* at 4; Ales Decl. ¶ 12.)

 Given Ales and Cabrera's prior attempt to withdraw, their encouragement of Players Network to retain new counsel, and the breakdown of communication between Players Network and its counsel, the Court finds good cause to allow Ales and Cabrera to withdraw. The Court will provide Players Network with three weeks

to obtain replacement counsel.  <u>If Players Network fails to do so, entry of default and default judgment against Players Network will occur</u>.  *See United States v. High Country Broad. Co.*, 3 F.3d 1244, 1245 (9th Cir. 1993) (holding when defendant failed to retain counsel, "the district court entered a default judgment against it; this was perfectly appropriate").

   Accordingly, the Court **GRANT**S the Motion to Withdraw, (ECF No. 75) and instructs the Clerk to remove Mr. Ales and Mr. Cabrera as counsel of record for Players Network.  Mr. Ales must provide a copy of this order to Mr. Bradley.  Licensed counsel must appear on Players Network's behalf <u>on or before July 3, 2020</u>; failure to do so shall result in entry of default against Players Network.  Further, the Court **GRANTS** Players Network an extension of time to respond to Plaintiffs' pending motion for summary judgment, (ECF No. 73).  Any opposition to the motion must be filed on or before July 17, 2020.  *Players' Network failure to respond to the motion for summary judgment may result in the motion being granted.*  Any reply by Plaintiffs must be filed on or before July 24, 2020.

   **IT IS SO ORDERED.**

**DATED: June 12, 2020**

Hon. Cynthia Bashant
United States District Judge